# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**COREY M. WILLIAMS**                                                                 **PLAINTIFF**

**v.**                              **No: 4:20-cv-01020 LPR-PSH**

**EDWARD ADAMS,** *et al.*                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Corey M. Williams filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 24, 2020 while an inmate at the W.C. Brassell Adult Detention Center ("Brassell Detention Center") in Pine Bluff, Arkansas (Doc. No. 2). In its initial order to Williams denying his motion to proceed *in forma pauperis*, the Court notified him of his duty to promptly notify the Clerk and the parties of any change

in his address. The Court also notified Williams that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

On September 4, 2020, mail sent to Williams at the Brassell Detention Center was returned to the Court as undeliverable (Doc. No. 4).[1] "Return to sender, no longer @ this address" was written on the returned envelope. On September 10, 2020, the Court entered a text order directing Williams to provide notice of his current mailing address by no later than thirty days from its entry. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was sent to him at his last known address, the Brassell Detention Center. The Court's September 10 text order was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 7. Again, "return to sender, no longer @ this address" was written on the returned envelope.

More than 30 days have passed, and Williams has not complied or otherwise responded to the September 10 order. Williams failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to

---

[1] The returned mail was the initial order from the Court.

the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Williams' complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 26th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE